MeCORD, Judge.
This is an appeal from an order of the circuit court dismissing Cerro Corporation’s complaint for judicial review of action of the Department of Revenue and the assessment made against it by the Department for corporate income tax. The entire proceeding was handled under Chapter 214, Fla.Stat. (1975), and Cerro sought judicial review in the Circuit Court of Leon County pursuant to § 214.25, Fla.Stat. (1975). The circuit court ruled with the contention of the Department of Revenue that review is only before this court under the new Administrative Procedure Act [Chapter 120, Fla.Stat. (1975)], referred to as the new APA; that said § 214.25 was repealed by the new APA. All hearings before the Department in this case were held prior to January 1, 1975, the effective date of the new APA, but the order of the Department was not entered until after the effective date. The hearings held before the Department of Revenue under Chapter 214 were not reported since review under § 214.25 is specifically required to be de novo.
§ 120.72(2), Fla.Stat. (1975), provides that “all administrative adjudicative proceedings begun prior to January 1, 1975, shall be continued to a conclusion under the provisions of the Florida Statutes, 1973, except that administrative adjudicatory proceedings which have not progressed to the stage of a hearing may, with the consent of all parties and the agency conducting the proceeding, be conducted in accordance with the provisions of this act as nearly as is feasible.” The Department of Revenue contends that since it was not an agency under the old APA, its proceedings were not administrative adjudicative proceedings and thus are not to be continued to a conclusion under the provisions of the Florida Statutes, 1973. Cerro contends that the fact that the old APA defined the Department of Revenue as not being an agency under that Act does not affect the require *629 ment of the new Act that the action be continued to a conclusion under the 1973 statutes. It is our view that continuing the action to a conclusion covers the administrative proceedings as well as the review proceedings. Thus, § 120.72(2), Fla.Stat. (1975), applies to this proceeding and review is before the circuit court. We do not consider that the exclusion of the Department of Revenue from the old APA would have the effect of making this provision inapplicable to its proceedings. The provision in question is a part of the new APA and the Department is included as an administrative agency under the new APA. Its proceedings under the new APA are administrative adjudicative proceedings.
It was not contemplated by the legislature that this court would review the actions of an agency without a record. The new APA makes full provision for adversary hearings and a record for review. There is no record in the present case, but such is no obstacle to the circuit court. Under § 214.25, Fla.Stat. (1975), as aforesaid, the review will be a de novo proceeding where a record will be made which will be subject to this court’s review.
On the day prior to oral argument in this case, Cerro filed a motion to remand the cause to the Circuit Court for consideration of Chapter 76-207, Laws of Florida, which became effective on June 21, 1976. That law amends § 120.72(2), Fla.Stat. (1975). Such amended statute states as follows:
“(a) All administrative adjudicative proceedings conducted pursuant to any provision of the Florida Statutes which were begun prior to January 1, 1975, shall be continued to a conclusion, including judicial review, under the provisions of the Florida Statutes, 1973, except that administrative adjudicatory proceedings which have not progressed to the stage of a hearing may, with the consent of all parties and the agency conducting the proceeding, be conducted in accordance with the provisions of this act as nearly as is feasible.
(b) If any action seeking judicial review of an administrative adjudicative proceeding begun prior to January 1, 1975, has been dismissed or otherwise disposed of on the ground that the provisions of the Florida Statutes, 1973, providing for judicial review were repealed by chapter 74-310, Laws of Florida, such action shall be reinstated by order of the court dismissing such actions upon the filing of a petition by the dismissed party at any time during the 60-day period immediately following the effective date of this act.” (The portions emphasized are the new provisions in the Act.)
The statute as amended coincides with our construction of the statute as it existed prior to the amendment when we consider it in pari materia with § 214.25, Fla.Stat. (1975). It is clear that the circuit court has jurisdiction to review the action of the Department of Revenue in this cause.
Reversed and remanded.
RAWLS, Acting Chief Judge and MILLS, J., concur.